IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOSEPH DAVID SCARBOROUGH,<br>    #02229226 | §<br>§ | |
| | §<br>§ | CIVIL ACTION NO.  4:23cv154 |
| VS. | § | |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Petitioner filed a "Motion to Compel Response on the Chapter 64.01 Forensic DNA Motion," asking that this Court compel the state court judge to issue a ruling on his motion. (Dkt. #5). Petitioner's motion is liberally construed as a petition for a writ of mandamus. *See Pittson Coal Grp. v. Sebben*, 488 U.S. 105, 121 (1988); *see also Wilkerson v. Dallas Cnty. Dist. Cts.*, Cause No. 3:17-cv-2436, 2017 WL 5054562 (N.D. Tex. Oct. 10, 2017) (explaining that an inmate's motion to compel state courts to rule on post-conviction motions in his state criminal cases is construed as a petition for writ of mandamus).

The federal statute concerning the authority of federal courts to issue writs of mandamus is 28 U.S.C. § 1361. The statute specifically provides that federal district courts "shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, a federal district court is not authorized to direct state officials in the performance of their duties. *Moye v. Clerk, Dekalb Cnty. Superior Ct.*, 474 F.2d 1275, 1275-76 (5th Cir. 1973); *see also Emerson v. Owens*, 472 F. App'x 308 (5th Cir. 2012).

Petitioner seeks to have the Court compel a state court judge to issue a ruling on a motion he filed in the state court. Existing precedent does not support Petitioner's request. "[A] federal

1

court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye*, 474 F.2d at 1275-76. *See also Cross v. Texas*, 508 F. App'x 290, 291 (5th Cir. 2013) (federal district court lacked the authority to compel the state appellate court to loan the petitioner the desired records); *Cross v. Thaler*, 356 F. App'x 724, 725 (5th Cir. 2009) (federal district courts may not issue a writ of mandamus to compel state officials to give an inmate documents). This Court is therefore without power to order the state trial court judge to rule on Petitioner's motions in his state court criminal cases.

## RECOMMENDATION

Accordingly, it is recommended that Petitioner's construed petition for a writ of mandamus (Dkt. #5) be denied.

Within fourteen days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 21st day of April, 2023.**

Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE